# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 C 3339 |
| v. | ) |
| | ) |
| CHICCO USA, INC., | ) Honorable Charles R. Norgle |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Plaintiff Kolcraft Enterprises, Inc. ("Plaintiff") initiated this case in the Northern District of Illinois, alleging that the Defendant Chicco USA, Inc. ("Defendant") infringed a patent that Planitiff maintained on a children's play yard configuration. In response, the Defendant filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer venue to the Eastern District of Pennsylvania, which is fully briefed and before the Court. For the following reasons, the motion is denied.

## I. BACKGROUND

The parties have submitted the following facts. Plaintiff's principal place of business is Chicago, Illinois. Defendant's principal place of business is Lancaster, Pennsylvania. The patent at issue has two inventors, both of whom are primary witnesses. One of them is located in Wheaton, Illinois. The other is located in North Kingstown, Rhode Island. The Plaintiff's documents are located in Chicago, while Defendant's documents are located in Lancaster. Plaintiff claims that its other primary witnesses are located in Chicago. Defendants' witnesses are in Lancaster. Defendant further claims that all of its employees engaged in the development

of the allegedly infringing product are located in Lancaster. This includes Defendant's product development consultant, a Taiwanese company that has an office in the Lancaster area.

In addition to its answer to the complaint, Defendant filed several affirmative defenses and counterclaims against Plaintiff. In them Defendant asserts patent misuse, equitable estoppel and more, while claiming that the patent in suit is invalid and unenforceable. Defendant also raises claims under the doctrines of prosecution history estoppel and prosecution history disclaimer. Prosecution counsel for the patent in suit is located in Chicago. Documents generally related to the patent in suit are located with prosecution counsel and at the United States Patent Office in Alexandria, Virginia.

## II. DISCUSSION

### A. STANDARD OF DECISION

Motions to transfer venue are governed by 28 U.S.C. § 1404, which provides, in pertinent part, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court will grant a transfer pursuant to § 1404 if the moving party establishes that venue is proper in the transferring district, venue is proper in the receiving district and when the transfer will serve the convenience of the parties and the witnesses, and will promote the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). A district court possesses significant latitude in weighing several factors in favor of or against a transfer. Id. at 219. This assessment "involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court." Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989). At all times, the burden rests with the moving party to

establish that the transferee forum is "clearly more convenient" than the transferor court. Coffey, 796 F.2d at 219-20.

Courts consider the following factors in deciding whether to transfer venue to another district: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the convenience of the parties; (4) the convenience of non-party witnesses; (5) the court's power to compel the appearance of unwilling witnesses and the costs of obtaining attendance of witnesses; (6) the location of physical evidence; (7) the relative familiarity of the courts with the applicable law; (8) the relationship between the forum community and the subject of the litigation; (9) the congestion of the respective court dockets; and (10) whether transfer would facilitate consolidation of cases. See Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The first five factors go to the Court's consideration of the convenience to the parties and witnesses. N. Shore Gas Co. v. Salomon, Inc., 896 F.Supp. 786, 791 (N.D. Ill. 1995). The remaining factors go to the interest of justice and focus on the efficient administration of the court system, rather than the private considerations of the litigants. Espino v. Top Draw Freight Sys., Inc., 713 F.Supp. 1243, 1245 (N.D. Ill. 1989). Here, the parties do not dispute that venue and jurisdiction are proper in both the Northern District of Illinois and the Eastern District of Pennsylvania. Thus the dispute centers on whether a transfer will further the convenience of the parties and witnesses and will promote the interest of justice. In deciding this question, the Court turns to the above factors.

## B. FACTORS RELEVANT TO TRANSFER OF VENUE

To start, the Court finds that factors (7), (9) and (10) favor neither party and shall not bear on the Court's decision. As to factor (6), the Court notes briefly that both parties acknowledge the relative ease with which documents can be produced, given the advances in

electronic discovery. In turn, regardless of the parties' arguments to the contrary, this factor is neutral. Rugamboa v. Rungenga, No. 06 C 1142, 2007 WL 317035, at *2 (N.D. Ill. Jan. 30, 2007) (explaining that the location of documents has little impact on a motion to transfer, unless the evidence is extraordinarily voluminous).

Likewise, factor (3) is also neutral. This is a unique case in which one party inevitably will be more inconvenienced than the other. There is neither a middle ground nor a neutral forum to which the Court can assign this case that will make it easier for the parties. But the alleged burden to the parties certainly can be minimized. To that end, the Court reminds the parties that it will work diligently to lessen any inconvenience and to accommodate the parties' proposed discovery schedules. Several solutions are available. For instance, it is within the power of this Court to order the parties to take the depositions of all U.S. witnesses in the state where those individuals reside. Plaintiff has already indicated that it is willing to comply with such an order, Pl.'s Resp. at 5, and should Defendant do the same, the Court will not hesitate to enter an order to that effect.

As to the remaining factors, the Court begins with factor (1), the Plaintiff's choice of forum. In discussing this factor, Defendant aptly points out that a plaintiff's choice of forum is not unyielding. See United Air Lines, Inc. v. Mesa Airlines, Inc., 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998) (confirming that the choice of forum must be measured against the remaining factors to determine whether the chosen forum would be the most appropriate forum to litigate the case). And while that may be the case, the plaintiff's choice of forum cannot be ignored. In this analysis, it is critical that the Plaintiff resides and that the alleged infringement took place, at least in part, in the Northern District of Illinois. In such cases, the Court must give Plaintiff's choice of forum substantial weight. Abbott v. Church & Dwight, Inc., No. 07 C 3428, 2007 WL

3120007, at *3 (N.D. Ill. Oct. 23, 2007) (noting that courts discount one's choice of forum when the plaintiff is not a resident of the district selected, when the district has no connection to the events from which the litigation stems, or both); Sitrick v. Freehand Sys., Inc., No. 02 C 1568, 2003 WL 1581741, at *2 (N.D. Ill. Mar. 27, 2003) ("Generally, a plaintiff's choice of forum is given substantial weight, particularly when the plaintiff resides in the chosen forum.") (citing Symons Corp. v. S. Forming & Supply, Inc., 954 F. Supp. 184, 186 (N.D. Ill. 1997)); Ty, Inc. v. Collett, No. 99 C 692, 1999 WL 300290, at *4 (N.D. Ill. 1999) ("First, [plaintiff] is based in Illinois and has chosen to file suit in its home forum. While this factor is far from dispositive, it nevertheless supports a denial of the motion to transfer."). Accordingly, the first factor leans heavily in Plaintiff's favor.

Turning to factor (2), the situs of material events, the Court acknowledges that this factor is largely irrelevant in patent cases, as infringement is determined by comparing the alleged infringing device or product with the language of the claim. See SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1121 (Fed. Cir. 1985). In this way, the material events of a patent infringement case do not revolve around a particular situs. Medi USA v. Jobst Inst., Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992); see ACCO Brands USA, LLC v. PC Guardian Anti-Theft Prods., Inc., No. 06 C 7102, 2008 WL 5170846, at *2 (N.D. Ill. Dec. 10, 2008). Therefore, under the circumstances, the location in which the allegedly infringing product is designed, produced, shipped, sold or purchased does not weigh in favor of either party.

With respect to factors (4) and (5), the convenience of the non-party witnesses and the Court's power to compel their appearances, both parties have presented cogent arguments. Initially, however, the Court must dispel the parties' concerns regarding the alleged inconvenience to their employee witnesses. It is presumed that these particular witnesses, who

are within the control of the parties, will appear voluntarily when called upon to do so. See Am. Family Ins. v. Wal-Mart Stores, Inc., No. 02 C 8017, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003); Peach Tree Bancard Corp. v. Peach Tree Bancard Network, Inc., 706 F.Supp. 639, 641 (N.D. Ill. 1989) ("Generally, where particular witnesses are within the control of a particular party, the witnesses likely will appear voluntarily. Such is the case when a party calls its employees as witnesses."). And, there is nothing in the record to support the notion that keeping this case in the Northern District of Illinois will subvert this presumption. Thus, for those witnesses that the parties employ, the Court's power to compel their appearances is largely immaterial.

Moreover, it is presumptuous at this point to say that these employees will suffer a great inconvenience, because of travel expenses and the like, should this case continue outside of their home states. The Plaintiff has already conceded that it is willing "to depose all U.S. witnesses in the location where they reside." Pl.'s Resp. at 5. And, in the event this case proceeds to trial, those witnesses will likely travel at the expense of the party that calls them as witnesses – their employers. In this way, the convenience of the employee witnesses, if the case remains in this District, will not be compromised.

It is another story, though, for the patent's two inventors. Recall that one of them lives in Wheaton, Illinois, and the other lives in Rhode Island. Neither of them is employed by the parties. And, while Defendant is right to say that Rhode Island is closer in proximity to the Eastern District of Pennsylvania, there is no dispute that it is outside the Eastern District Court's subpoena power. Wheaton, on the other hand, is subject to this Court's subpoena power, should the co-inventor in Illinois prove to be unwilling to testify voluntarily at trial, though this is an unlikely scenario. Either way, the Court is faced, then, with one inventor who is within its

jurisdiction, and another inventor who is outside the jurisdiction of both the transferring District and the receiving District. This situation favors Plaintiff, even if only slightly.

Moving forward, the Defendant presents a solid argument with respect to its product development consultants. These consultants have a U.S. subsidiary that is located in Pennsylvania, and the company likely will be inconvenienced if its representatives are forced to travel to the Northern District of Illinois for trial. But instead of live testimony, the parties may offer at trial a videotape recording of the testimony from these third-party witnesses. See Fujitsu Ltd. v. Netgear, Inc., No.07 C 710, 2008 WL 2540602, at *3 (W.D. Wis. Apr. 4, 2008) (holding that the location of non-party witnesses is a neutral factor because of the possibility of videotape testimony). This option should minimize any inconvenience that these consultants may or may not bear. It is also significant that Defendant has failed to convey the nature and quality of the consultants' testimony, as these consultants remain unidentified, and their purported opinions remain undisclosed. Without anything more, Plaintiff cannot justify a transfer based on the alleged burden to these non-party witnesses alone.

Finally, it is relevant that Defendant has raised affirmative defenses and counterclaims that will require it to depose and discover materials pertaining to the prosecution of the patent in suit. Although some of these materials may be located at the U.S. Patent Office in Alexandria, Virginia, Defendant likely will need to depose the prosecuting attorneys to prove its claims. And, as we indicated previously, the prosecuting attorneys are located in Illinois. This is not to say, however, that this realization leans heavily in Plaintiff's favor, but it chills somewhat Defendant's assertion that all of its material witnesses lie outside of this District.

In this instance, after considering the convenience of the parties and the interest of justice, the Court finds that this case shall remain in the Northern District of Illinois. The Court

commends the parties for their apposite presentation of the evidence in support of their positions, but, in the end, the Court is convinced that the Plaintiff's choice of forum, along with the presence of a primary witness and the prosecuting attorneys for the patent at issue in this District, outweigh any alleged inconvenience that the Defendant may sustain in this case. See Gueorguiev v. Max Rave, LLC, 526 F. Supp. 2d 853, 857 (N.D. Ill. 2007) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Accordingly, the motion is denied.

### III. CONCLUSION

For the reasons stated above, Chicco USA, Inc.'s motion to transfer the case to the United States District Court for the Eastern District of Pennsylvania is denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES R. NORGLE, Judge
United States District Court

DATED: 10-23-09