IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., | Civil Action No. 1:09-cv-03339 |
| Plaintiff, | Judge Chang |
| v. | Magistrate-Judge Brown |
| CHICCO USA, INC. d/b/a ARTSANA USA, INC., | |
| Defendant. | |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Plaintiff hereby moves to compel Defendant's responses to Interrogatory Nos. 1 and 6 served on March 20, 2012.

Pursuant to Local Rule 37.2, Plaintiff made several attempts to resolve this dispute without Court intervention, including an exchange of emails setting forth the deficiencies in Defendant's responses, followed by a telephone meet-and-confer on April 30, 2012, further correspondence, as well as face-to-face discussions in Lancaster, Pennsylvania during the depositions of Defendant's witnesses on May 2, 2012. Despite these efforts, Defendant refused to supplement its responses or provide the necessary information.

Defendant's responses to Interrogatory Nos. 1 and 6 (Exhibit 1) are clearly inadequate. Plaintiff respectfully requests that its motion be granted.

**Interrogatory No. 1**

This interrogatory seeks basic data on the unit and dollar volume of Defendant's sales of the accused products in the United States, as well as gross and net profit information. This is clearly relevant to the issue of damages, among others. Defendant's response provides no information whatsoever, nor does it identify any documents as required under Rule 33(d),

Fed.R.Civ.P. (Exhibit 1). Thomas Consolidated Industries, Inc. v. Herbst, 2005 U.S. Dist. LEXIS 40761 at *22-24 (May 11, 2005 N.D. Ill.) ("The [defendant] seems to believe that Rule 33(d) means that anytime a party receives an interrogatory, he is excused from answering it if he supplies vast quantities of documents which may or may not include the answer to the interrogatory. Rule 33(d) is far stricter…").

Although Defendant ultimately produced a variety of sales and financial documents in response to Plaintiff's document requests, nothing specific has been identified in the interrogatory response and no documents provide the concise information sought. More importantly, Defendant cannot show that the burden of ascertaining the answer from the documents is substantially the same for Plaintiff as for Defendant, as the documents contain Defendant's specific nomenclature, formatting, etc., which makes it much more difficult (if not impossible) for Plaintiff to derive the answer. Also, Defendant allegedly redesigned the accused product at some point during this litigation, but it continued using the same model number, so Defendant's documents provide no delineation between sales of the "old" product versus the "new" product.

Defendant should be ordered to simply provide the requested information in the interrogatory response itself, which should not be difficult for Defendant given the basic information requested.

**<u>Interrogatory No. 6</u>**

Defendant has pled twelve Affirmative Defenses, including prosecution history estoppel (3rd), prosecution history disclaimer (4th), patent misuse (5th), equitable estoppel (6th), waiver (7th), laches (8th) and acquiescence (9th) and more (Dkt. 115). Plaintiff properly served this interrogatory requesting the factual and legal basis for these defenses. Defendant's response provides no answer at all (Exhibit 1).

For example, the patent in suit issued on May 27, 2008 and suit was filed one year later on June 3, 2009. Yet, Defendant is pursuing a laches defense that requires an "unreasonable and inexcusable" delay in filing suit, combined with resulting prejudice to Defendant. <u>Wanlass</u> v. <u>General Electric</u>, 148 F.3d 1334, 1337 (Fed. Cir. 1998). Defendant's response does not even mention delay or prejudice, let alone provide the factual and legal basis for laches in a case involving only one year from patent issuance to suit. Likewise, equitable estoppel requires an affirmative act by Plaintiff and detrimental reliance by Defendant – again, neither of which is mentioned in Defendant's answer. As for the prosecution history estoppel and prosecution history disclaimer defenses, Defendant merely states "see prosecution history" – which is no response at all. And no facts are provided for the misuse, waiver, acquiescence or other defenses pled by Defendant. Plaintiff is clearly entitled to know the basis for all of these defenses.

Defendant's refusal to remove any of its twelve (tenuous) Affirmative Defenses from this case, or to provide the factual and legal basis for such defenses is clearly improper.

Respectfully submitted,

    /s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr.
Dina M. Hayes
Laura A. Kenneally
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiroJr@nshn.com; Hayes@nshn.com;
LKenneally@nshn.com

Attorneys for Plaintiff,
Kolcraft Enterprises, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 25, 2012 the foregoing

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

*Attorneys for Defendant*

James K. Borcia
Tressler LLP
Sears Tower - 22nd Floor
233 S. Wacker Drive
Chicago, Illinois 60606
jborcia@tsmp.com

Anthony S. Volpe
Ryan W. O'Donnell
Kristine L. Butler
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
AVolpe@volpe-koenig.com
RODonnell@volpe-koenig.com
kbutler@volpe-koenig.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                /s/ Raymond P. Niro, Jr.
                                                Attorneys for Plaintiff
                                                NIRO, HALLER & NIRO