**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 09 CV03339 |
| ) | |
| v. ) | Judge Edmond E. Chang |
| ) | |
| CHICCO USA, INC., ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

**ARTSANA USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR LEAVE TO AMEND ITS FINAL INVALIDITY
CONTENTIONS PURSUANT TO LOCAL PATENT RULE 3.4**

### I. INTRODUCTION

Artsana USA, Inc. ("Artsana"), by and through its undersigned attorneys, pursuant to Local Patent Rule 3.4 hereby moves for leave to amend its Final Invalidity Contentions based on recently completed third party discovery of Fisher-Price, Inc. ("Fisher-Price"), Mattel, Inc. ("Mattel"), and Kids II, Inc. ("Kids II") in the co-pending, related litigation titled, *Kolcraft Enterprises, Inc. v. Artsana USA, Inc.*, Case No. 13-cv-04863 (Judge Ellis) (the "Related Litigation"), which closed on May 25, 2017 (*Dkt. No. 165*). Plaintiff, Kolcraft Enterprises, Inc. ("Kolcraft"), received copies of the documents produced and participated in the discovery process, including the third party depositions.

The third party discovery of Fisher-Price and Mattel was directed to confirming features of the prior art "Tyco Cozy Quilt Play Gym" ("Tyco Gym") that was previously identified in Artsana's October 13, 2016 Final Invalidity Contentions. The witness regarding the Tyco Gym was Mr. Albert Ferrigno ("Mr. Ferrigno"), who was a Tyco Pre-School product developer involved in the development of the Tyco Gym. Around the year 2000, Tyco Pre-School was

acquired by Mattel and Mr. Ferrigno became employed by Mattel; he later worked for a division of Fisher-Price, which Mattel also acquired, and is now retired.

The third party discovery of Kids II, Inc. was directed to confirming the features of and first date of sale for Kids II's play gyms, including Model No. 37101 ("Pooh Gym").

Kolcraft had the opportunity to cross-examine Mr. Ferrigno and the Kids II's witness at their depositions.

Kolcraft will suffer no prejudice by virtue of this amendment and good cause exists for granting Artsana's request to amendment to its Final Invalidity Contentions.

Copies of Artsana's October 13, 2016 Final Invalidity Contentions and its proffered Amended Final Invalidity Contentions are attached hereto respectively as Exhibits A and B.

## II.  BACKGROUND

### A.  Relevant Procedural History of this Matter

1. On September 2, 2016, this Court issued its Memorandum Opinion and Order on the construction of the disputed terms and phrases of claims 28-31 of U.S. Patent No. 7,376,993 ("'993 Patent") (*Dkt. No. 216*).

2. On September 22, 2016, this Court issued a post claim-construction Scheduling Order, in which fact discovery closed on October 14, 2016 and Kolcraft was ordered to identify whether it wished to pursue any other claims of the '993 Patent in addition to claims 28-31 by September 27, 2016 (*Dkt. No. 218*).

3. On September 27, 2016, Kolcraft filed a Status Report indicating that it wished to pursue claim 20 in addition to claims 28-31 of the '993 Patent (*Dkt. No. 219*).

4. On October 13, 2016, Artsana served its Final Invalidity Contentions (Exhibit A) which identified the Tyco Gym.

5. On November 9, 2016, this Court issued an updated post claim-construction Scheduling Order, in which fact discovery on claim 20 closed on December 31, 2016 and claim construction briefing was to be completed by January 30, 2017 (*Dkt. No. 237*).

6. There are no other current scheduling deadlines, and remaining pre-trial deadlines will be triggered upon issuance of an order regarding construction of the disputed terms of claim 20.

### B. Relevant Procedural History of the Related Litigation

7. The Related Litigation involves Kolcraft's claims for infringement of the U.S. Patent No. 8,388,501 ("'501 Patent").

8. Fact discovery was set to close on February 10, 2017 (*Dkt. No. 124*).

9. On January 6, 2017, Artsana served subpoenas on Fisher-Price and Mattel requesting information relating, in part, to the prior art Tyco Gym, including information that "relate[s] to the Tyco Play Gym that were made publicly available or disclosed to a third party before May 7, 2003."

10. On January 9, 2017, Artsana served a Subpoena on Kids II requesting information "relating to Kids II Play Gyms conceived, made, sold, displayed, or otherwise made available to the public before May 7, 2003."

11. Artsana was granted additional extensions of time to complete third party discovery which concluded on May 25, 2017. (*Dkt Nos. 130, 154, 159, 165*).

12. On May 26, 2017, Artsana's counsel inquired with Kolcraft's counsel whether it would oppose this Motion. To date, Kolcraft's counsel has not responded to this request.[1]

---

[1] On February 7, 2017, Kolcraft's counsel advised that it objects to use of this third party discovery in the present litigation.

3

13. Artsana is concurrently filing a similar Motion for Leave to Amend its Final Invalidity Contentions in the Related Litigation.

### 1. Third Party Discovery Relating to the Tyco Gym

14. On February 3 and 7, 2017, Fisher-Price and Mattel produced documents in the following categories:

(1) a declaration and trial transcripts from the 1990's litigation, *Tyco Industries, Inc. v. Tiny Love, Ltd.*, Civil Action No. 95-1135 (D.N.J.);

(2) a copy of a 1995 Tyco Playtime Catalog illustrating the Tyco Gym;

(3) multiple drafts of instruction sheets for the Tyco Gym;

(4) a facsimile from Mr. Ferrigno regarding design options for the Tyco Gym; and,

(5) a certification from Mattel's Vice President of Intellectual Property, Assistant General Counsel, and Assistant Secretary, authenticating the documents produced in response to the Subpoena (collectively, the "Mattel/Fisher-Price documents").

15. On February 7, 2017, counsel for Fisher-Price and Mattel provided contact information for Mr. Ferrigno, who was identified as a prior employee of Tyco Pre-School, Mattel, and Fisher-Price and a product developer involved in the prior art Tyco Gym.

16. On February 22, 2017, Artsana served a subpoena on Mr. Ferrigno requesting information relating, in part, to the Tyco Gym.

17. Mr. Ferrigno subsequently contacted Artsana's counsel to advise that the floor mat portion of the Tyco Gym was available on eBay. Artsana's counsel purchased the Tyco Gym and provided photographs to Kolcraft as Artsana documents nos. ART-002435-2441.

18. On March 9, 2017, Artsana examined Mr. Ferrigno was examined on: (1) his knowledge of the design, development, advertising, and disclosure of the Tyco Gym, including the location and manner in which the Tyco Gym's floor mat connects to its arches; (2) the

Mattel/Fisher-Price documents (Ferrigno deposition Exhibits 8-11), and (3) the purchased Tyco Gym mat (ART-002435-2441, Ferrigno deposition Exhibit 12).

19. Kolcraft's counsel attended the deposition and cross-examined Mr. Ferrigno.

### 2. Third Party Discovery Relating of Kids II's Play Gyms

20. On February 1 and 2, 2017, Kids II produced documents labeled KIDS-SUB000001-12, which consisted of photographs of the Pooh Gym (KIDS-SUB000001-3 and KIDS-SUB000009-12), reports regarding the earliest date of sale of Kids II's play gyms (KIDS-SUB00004-6), and an engineering drawing depicting the "A-hook" used to connect the arches to the floor mat for Kids II's play gyms (KIDS-SUB00007-8).

21. On February 7, 2017, Kids II produced documents labeled KIDS-SUB000013-59, which consisted of photographs of 12 Kids II's play gyms, including the Pooh Gym (KIDS-SUB000036-39).

22. On March 23, 2017, Artsana examined the Rule 30(b)(6) witness for Kids II on its prior play gym products and sales documentation. Twelve (12) physical samples of play gyms produced by Kids II were marked as deposition Exhibits A-L and a document relating to KidsII product codes (KIDS-SUB000060-66) was produced and marked deposition Exhibit 16.

23. On May 1, 2017, Kids II produced additional documents, labeled KIDS-SUB000067-253, in support of the earliest sale date of the play gym products identified in KIDS-SUB000004-6.

24. On May 19, 2017, Kids II produced a certification authenticating the documents produced and explaining the relation among certain sales documents.

### III. ARGUMENT

In view of the information discovered during above-identified third party discovery, Artsana seeks leave of the Court to enter the Amended Final Invalidity Contentions attached as Exhibit B which seek to:

1. Amend grounds (B) – (F) for invalidity of claim 20 to provide supplemental information regarding the Tyco Gym based upon: (1) the Mattel/Fisher-Price documents; (2) Mr. Ferrigno's March 9, 2017 deposition; and, (3) the Tyco Gym floor mat sample entered as physical Exhibit 12 at the Mr. Ferrigno deposition).

2. Amend grounds (B) – (F) for invalidity of claim 20 regarding the Kids II Pooh Gym, Model 37101, based upon: (1) the photographs of the Pooh Gym (KIDS-SUB000001-3, KIDS-SUB000009-12, and KIDS-SUB00036-39); (2) the physical sample of the Pooh Gym entered as Exhibit G during the March 23, 2017 30(b)(6) Deposition of Kids II; (3) the documents relating to sales of the Pooh Gym (KIDS-SUB00004-6, KIDS-SUB00086-87, KIDS-SUB000108-109); and (4) the March 23, 2017 30(b)(6) deposition testimony of Kids II.[2]

3. Withdrawal the grounds for rejection that relied upon the Kids II Discovery Bug Play Gym Model 8972-2 (part of Grounds (B) and (F) in Artsana's October 13, 2016 Final Invalidity Contentions (Exhibit A))

4. Add new grounds (K) and (L) for invalidity of claims 20 and 28-31 which rely upon the Tyco Gym and Pooh Gym, respectively, in view of the above-identified third party discovery.

Local Patent Rule 3.4 permits a party to amend its Contentions "upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the

---

[2] Copies of the third party documents and deposition transcripts have not been attached for purposes of brevity, but will be provided at the Court's request.

basis for the amendment." To make this showing, the moving party must demonstrate that (1) it acted with diligence in seeking the amendment, and (2) the opposing party will not suffer prejudice by virtue of the amendment. *Thermapure, Inc. v. Giersten Co. of Ill.*, No. 10-cv-4724, 2012 U.S. Dist. LEXIS 175612, at *4-5 (N.D. Ill. Dec. 11, 2012); *see also Merck & Co., Inc. et al. v. Merck & Co., Inc. et al.*, No. 11-cv-09004 (N.D. Ill. August 17, 2015) (minute entry, Exhibit C) (granting leave to amend invalidity contentions where the amendment merely fleshes out the factual bases for Defendant's invalidity contentions rather than raising entirely new bases); *Warner Chilcott Co., LLC v. Lupin, Ltd.*, No. 11-cv-7288, 2013 U.S. Dist. LEXIS 116988, at *6-9 (D.N.J. Aug. 19, 2013) (granting leave to amend invalidity contentions where accused infringer had been diligent in discovering new information and the patentee would not be prejudiced as expert discovery had not begun).

Artsana acted promptly to file this Motion after the May 19, 2017 completion of third party discovery in the Related Litigation and the reasonable passage of time for Kolcraft to respond to the May 26, 2017 request for its position on this matter. Kolcraft is not prejudiced by the requested relief because it was aware of the prior art and cross-examined Mr. Ferrigno and the Kids II's 30(b)(6) witness. In addition, because there are no currently scheduled case deadlines and further pre-trial scheduling will follow the Court's claim construction order, which is currently under advisement, there is no prejudice to Kolcraft in terms of timing of this Motion.

### IV.     CONCLUSION

Kolcraft will suffer no prejudice because it had a full and fair opportunity to participate in the third party discovery and good cause exists for granting Artsana's Motion.

WHEREFORE, Defendant, Artsana USA, Inc. respectfully requests this Honorable Court grant it leave to amend its Final Invalidity Contentions as set forth in the attached Exhibit B.

7

          Respectfully submitted,

          ARTSANA USA, INC.

         By: /s/ James K. Borcia
            One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000

Anthony S. Volpe (AVolpe@vklaw.com)
Ryan W. O'Donnell (RODonnell@vklaw.com)
VOLPE AND KOENIG, P.C.
United Plaza, 30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400