IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., | |
| Plaintiff, | Civil Action No. 1:09-cv-03339 |
| v. | Judge Edmond E. Chang |
| CHICCO USA, INC. d/b/a ARTSANA USA, INC., | |
| Defendant. | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *EX PARTE* REEXAMINATION (DKT. #291)

### I.  INTRODUCTION

With the trial only two months away, Defendant Chicco USA, Inc. d/b/a Artsana USA, Inc.'s ("Artsana") is attempting to delay resolution of this case once again.   Ignoring the fact that this litigation was *already* on hold for several years while Artsana unsuccessfully attacked claims 20 and 28-31 of the '993 Patent in an *Inter Partes* Reexamination ("IPRex"), followed by an appeal to the Patent Trial and Appeal Board ("PTAB") and a 7-month rehearing of the PTAB's decision – all of which confirmed the validity of the claims at issue in this case – Artsana now asks this Court to again stay this litigation pending its *Ex Parte* Reexamination, which is far less likely to succeed than its failed IPRex attempt.  Artsana waited until after the trial date was set before filing its latest *Ex Parte* Reexamination of the '993 Patent, then delayed filing its request to stay solely to manipulate the trial date.[1]

Artsana's latest delay tactic should be rejected.

---

[1] Last month, Artsana also filed a motion to postpone the trial so its expert could vacation in Europe.  (Dkt. #286.)

## II. THE RELIEF SOUGHT BY ARTSANA IS UNPRECEDENTED

This nine-year old case is finally nearing the finish line, with just two months until trial and jury verdict. The five claims of the '993 Patent being asserted (claims 20 and 28-31) survived Artsana's massive, multi-year attack in the United States Patent and Trademark Office ("USPTO"), through a full IPRex, appeal to the PTAB, and a 7-month long rehearing. Artsana had the benefit of a stay during those proceedings.

As Artsana itself recognized, claims are *five times* more likely to survive an *Ex Parte* Reexamination than an IPRex, so Artsana's pending reexamination has virtually no chance of succeeding in the USPTO by its own admission.[2] (*See* Dkt. #50, Artsana's Memo. in Support of Mot. to Stay Pending Reexamination of the '993 Patent, at 3.)

What's more, as a matter of law, Artsana will likely be barred from introducing evidence concerning the Reexamination at trial. *See Amphenol T & M Antennas, Inc. v. Centurion Int'l, Inc.*, No. 00 C 4298, 2002 WL 32373639, at *1-*2 (N.D. Ill. Jan. 17, 2002) (granting motion to bar defendant from introducing evidence of the pending reexamination proceeding at trial, and finding that the "likelihood that some or all of the patent will be invalidated as a result of the reexamination proceedings is . . . statistically . . . not great") ("The prejudicial potential of this evidence *far outweighs* any probative value it may have.") (citing Fed. R. Evid. 403) (emphasis added); *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) (stating that "the grant by the examiner of a request for reexamination is not probative of unpatentability" – "[t]he grant of a request for reexamination . . . does not establish a likelihood of

---

[2] Initial § 103 rejections are routinely overcome by patent owners – especially considering the cursory nature of the non-final § 103 rejection in this case – as compared with the detailed *confirmation* of those same claims in the extensive, well-reasoned IPRex and PTAB decisions here. Indeed, Artsana submitted its $500,000 offer of judgment *after* the USPTO's non-final office action in the pending *Ex Parte* Reexamination.

patent invalidity") (citing *Acoustical Design, Inc. v. Control Elecs. Co., Inc.*, 932 F.2d 939, 942 (Fed. Cir. 1991) ("initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims")). The *Ex Parte* Reexamination, therefore, has no bearing on the impending trial, let alone forms a basis to stay this case.

Artsana also cited no case, and Plaintiff Kolcraft Enterprises, Inc. ("Kolcraft") could find none, that granted a *second* stay of litigation just two months from trial, based upon an *Ex Parte* Reexamination for a patent that already survived an IPRex and an appeal to the PTAB. In fact, Artsana's initial motion to stay these proceedings, filed on November 4, 2009, is illuminating. There, Artsana argued that "[b]ecause this matter is still in its initial phase, a stay is warranted." (Dkt. # 50, at 10.) Artsana repeatedly emphasized that:

- "A stay is warranted because this case is in its infancy. . . ." (*Id.*)

- "This policy in favor of granting motions to stay is especially strong in cases such as this case that are still in the initial stages of litigation where there has been little or no discovery." (*Id.* at 4.)

- "This case is in the early stages, no scheduling order has been entered, and no trial date has been set. . . . In such cases, this District has granted stays pending reexamination. . . ." (*Id.* at 9.)

- "When the litigation is in its early stages, a court should avoid duplicative efforts by granting a stay." (*Id.*)

Artsana obtained a multi-year stay of proceedings by filing its IPRex request "in the early stages" – it would be unconscionable to also provide Artsana with a stay at the latest stages. The other alleged benefits of a stay, which Artsana presented in its November 4, 2009 motion, and presents again now, are completely without merit. For example, Artsana successfully argued in its initial request to stay that "the outcome of the reexamination may encourage a settlement without further use of the Court." (Dkt. #50, at 7.) Despite the several-year reexamination

proceeding and appeal, the parties have moved no closer to resolving this matter. Yet, incredibly, Artsana carts out the same assertion that granting a stay pending reexamination will somehow "promote settlement." (Dkt. #292, Artsana's Memo. in Support of Mot. to Stay Pending *Ex Parte* Reexamination, at 6.) Likewise, Artsana supported the initial stay by arguing that the "issues, defenses, and evidence will be more easily limited in pre-trial conferences after reexamination" and "the cost will likely be reduced both for the parties and the court." (Dkt. #50, at 8.) If anything, the initial multi-year stay in this case ***increased*** the cost and complexity of this litigation, but Artsana presents the same arguments in requesting a stay yet again.

Against this backdrop, Artsana again contends that "a stay will simplify the issues" in this litigation. (Dkt. #292, at 6.) However, in its final invalidity contentions, Artsana alleges invalidity of the '993 Patent from non-printed prior art and raises defenses which will not be addressed by the USPTO during the *Ex Parte* reexamination, including, for example, invalidity under 35 U.S.C. §§ 102(f) and 112, and unenforceability pursuant to 35 U.S.C. §§ 111, 115, and 116. (Dkt. #228-4, Artsana's 10/13/2016 Updated Final Invalidity Contentions, at 74-83.) *See Enprotech Corp. v. Autotech Corp.*, No. 88 C 4853, 1990 WL 37217, at *1 (N.D. Ill. Mar. 16, 1990) (denying motion to stay pending reexamination) ("[I]f any of the claims survived [the reexamination, the parties] would be right back here to litigate the claim that the patent should not be enforced because of inequitable conduct in the Patent Office."); *Cronos Techs., LLC v. Expedia, Inc.*, No. CV 13-1538-LPS, 2016 WL 1089752, at *1 (D. Del. Mar. 21, 2016) (denying motion to stay pending reexamination) ("[I]f the PTO does not invalidate all of the asserted claims, significant issues will remain to be resolved, including issues of infringement, as well as invalidity defenses which will not be addressed by the PTO (e.g., Defendants' §§ 101 and 112 defenses and §§ 102 and 103 defenses based on prior art that will not be considered by the PTO).");  *Lectrolarm Custom Servs., Inc. v. Vicon Indus., Inc.*, No. 03-2330 MA/A, 2005 WL 2175436, at *3 (W.D. Tenn. Sept. 1,

2005) (refusing to stay litigation pending reexamination) ("[R]eexamination only deals with invalidity from printed prior art. Unless all claims were invalidated, a result that has a one-in-ten probability, this court would still need to deal with issues concerning other types of prior art, liability, and damages.").

Notably, because no legal estoppel is created by an *Ex Parte* Reexamination proceeding, Artsana may "rais[e] the same invalidity defenses raised during [the *ex parte*] reexamination in later District Court proceedings." *Cronos*, 2016 WL 1089752, at *2. "Thus, [Artsana] could potentially be permitted 'two bites at the apple' using the same invalidity arguments in both fora." Clearly, staying this matter will not "simplify the issues."

Further, the fact that the USPTO has issued a *non-final* office action (and <u>not</u> a *final* office action) weighs against a stay. *See Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 787, 790 (D. Del. 2011) (denying motion to stay pending *Ex Parte* Reexamination in which the USPTO had issued a non-final office action):

> There is a possibility that [the asserted claim] of the [patent-in-suit] may be modified or canceled by the PTO during the pendency of the case. If the PTO were to reject or modify [the asserted claim], it would eliminate the need for a trial. "However, ***it is also possible that the PTO's determination will have no ultimate bearing on the damages determination in this case, as the PTO's initial actions were non-final and non-binding, and the PTO is free to reconsider its initial determinations prior to issuing a reexamination certificate***." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,* 2007 WL 1655625, at *4 (N.D.Cal.2007) (citing *In re Bass,* 314 F.3d 575, 577 (Fed.Cir.2002)). A final determination by the PTO could take years, and trial is imminent in this case. As a result, this . . . weighs against a stay of the litigation.

*Id*. at 788-789; *Cronos*, 2016 WL 1089752, at *1-*2 (denying motion to stay litigation pending *Ex Parte* Reexamination, wherein the USPTO issued a non-final office action rejecting all claims of the patent-in-suit) ("[T]he reexamination proceedings are still at an early stage. 'No final rejection has been issued, and there is no argument scheduled before the Board of Patent Appeals and Interferences. The status of the reexamination weighs against a stay.'") (citation omitted).

## III.  ARTSANA'S MOTION TO STAY IS PURELY A DILATORY TACTIC

Staying this matter in light of Artsana's substantial delay in filing an *Ex Parte* Reexamination – nearly ***nine years*** after the litigation commenced – would be unduly prejudicial to Kolcraft and shows that Artsana is merely seeking an inappropriate tactical advantage:

> Defendants' delay in requesting *ex parte* reexamination results in a situation in which a stay would be unduly prejudicial to Plaintiff and would present Plaintiff a clear tactical disadvantage.  "Given the early stage of the reexamination, and the average length it takes to complete a reexamination (including appeals), it follows that the stay, if granted, would almost certainly last many years.  Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents."  *Cooper Notification, Inc. v. Twitter, Inc.,* 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010). . . . "***A request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage***."  *Belden Techs. Inc. v. Superior Essex Commc'ns LP,* 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

*Cronos*, 2016 WL 1089752, at *2 (denying motion to stay litigation pending *Ex Parte* Reexamination); *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc*., No. 11-CV-21-BBC, 2014 WL 840752, at *1 (W.D. Wis. Mar. 3, 2014) (denying motion to stay case pending *Ex Parte* Reexamination proceeding after the USPTO issued a non-final office action rejecting all claims of the patent-in-suit) ("This case has been pending for more than three years, but plaintiff did not initiate the reexamination proceeding until August 30, 2013 [6-7 months before trial] and it does not explain why it waited as long as it did.  If I granted plaintiff's motion under these circumstances, it would create an incentive for patent litigants to use the reexamination process as a stalling tactic after they have run out of other options.").

Importantly, granting Artsana's motion to stay would impermissibly permit Artsana to continue abusing the reexamination process, as it is undisputed that the prior art relied upon in Artsana's *Ex Parte* Reexamination was known to Artsana nearly ***four years ago***.  (*See* Ex. A, Artsana's 1/08/2010 Replacement Request for *Inter Partes* Reexamination, at 11 (citing U.S.

Patent Nos. 6,109,280 ("Custer") and 4,750,509 ("Kim") as alleged prior art); Ex. B, Kolcraft's 2/10/2012 Information Disclosure Statement ("IDS"), at 1 (citing U.S. Patent No. 3,223,098 ("Dole")); Ex. C, Artsana's 6/27/2014 Petition for *Inter Partes* Review of Kolcraft's U.S. Patent No. 8,388,501, at 3-4 (citing Dole and the Tyco Playtime Catalog dated 1995 as alleged prior art); Ex. D, Kolcraft's 12/17/2014 IDS, at 2 (citing the Tyco Playtime Catalog during the IPR ex of the '993 Patent); Dkt. #228-4, Artsana's 10/13/2016 Updated Final Invalidity Contentions, at 2 (citing the Tyco Playtime Catalog as purported prior art).) *See Lectrolarm*, 2005 WL 2175436, at *4-*5 (denying motion to stay litigation pending reexamination, where "it [was] undisputed that the Defendants were aware of the prior art cited in their request for reexamination and its relevance to [plaintiff's] claim of infringement at least five years before they filed their request"):

> ***Finally, and most significantly, granting [defendant] Vicon's motion to stay would impermissibly permit Vicon to abuse the reexamination process. The Defendants were aware of the allegedly invalidating prior art that is central to their request for reexamination long before they actually submitted the request to the PTO***. . . . There is no reason that Vicon could not have requested a reexamination months or years earlier. Consequently, ***<u>staying the case at this point in the litigation would permit Vicon to "abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation."</u>*** *Softview*, 56 U.S.P.Q .2d at 1635.

*Id*. at *5 (emphasis added); *Boston Sci. Corp.*, 777 F. Supp. 2d at 789-790 (denying motion to stay pending *Ex Parte* Reexamination and relying, in part, on the fact that defendant was aware of potentially invalidating prior art cited in its request for reexamination several years before filing its request).

When, as is the case here, "a petition for reexamination is filed after a trial date has been set, extensive discovery has been conducted, and the reexamination does not involve newly discovered prior art, ***courts <u>uniformly refuse</u> to stay the case pending reexamination***." *Lectrolarm*, 2005 WL 2175436, at *4 (emphasis added) (denying motion to stay in which

defendant's "request for reexamination was filed at the close of fact discovery, over a year and a half after the complaint in this case had been filed and two months after a trial date had been set"):

> See, e.g., [Xerox Corp. v. 3Com Corp., 69 F.Supp.2d 404 (W.D.N.Y. 1999)] (refusing to grant a stay where a request for reexamination was filed one and a half years into a lawsuit, six months before discovery was to close, and there was evidence that the defendant had known of the allegedly invalidating prior art eight months before filing the request); Galdish v. Tyco Toys, Inc., 1993 WL 625509 (E.D. Cal. Sept. 15, 1993) (refusing to grant a stay where there was evidence that the party requesting reexamination had known about the prior art in question for six months before filing the reexamination request); Remington Arms Co., Inc. v. Modern Muzzleloading, Inc., 1998 WL 1037920 (M.D.N.C. Dec. 17, 1998) (finding that the "most compelling reason for denying the stay" was the "unjustified delay" in requesting reexamination more than three months after learning of the allegedly invalidating prior art); Output Technology Corp. v. Dataproducts Corp., 22 U.S.P.Q.2d 1072 (W.D. Wash. 1991) (denying a motion to stay pending reexamination when discovery was scheduled for completion in four months and trial was scheduled in less than nine months); Accent Designs, Inc. v. Jan Jewelry Designs, Inc., 1994 WL 121673, at *3 (S.D.N.Y. Apr. 6, 1994) ("in a case such as this, in which multiple opinions have been issued, discovery is well under way and no prejudice to either party is likely to ensue, there is simply no justification for further delay in the action").

Id. See also Enprotech, 1990 WL 37217, at *1-*2 (finding the "[m]ost compelling" reason to deny stay pending reexamination to be "the fact that discovery [was] almost completed and the case [was] set for trial") ("We are too far along the road to justify halting the journey while the defendant explores an alternate route. The motion to stay is denied."); Cronos, 2016 WL 1089752, at *2 (denying motion to stay pending Ex Parte Reexamination) ("As of the filing of the motion [to stay the litigation], a trial date had been set . . ., fact discovery was complete . . ., and the parties had exchanged expert reports. At this point, expert discovery is complete and last week the parties' filed their case dispositive motions and Daubert motions. Given the resources already expended by both sides and the Court in this case, the stage of the case weighs against granting a stay.") (citations omitted). In addition to the parties already having completed fact and expert discovery and begun trial preparation, Artsana's summary judgment motions are due on June 1, 2018 (Dkt.

#290), so presumably virtually all of the work necessary for the preparation of those motions has already been completed by Artsana.

Further, Artsana argues (incorrectly) that "[t]here can be no prejudice to Kolcraft resulting from any delay due to the Reexamination" because "the parties do not compete in the marketplace for Artsana's accused product," "any delay harm caused by the Reexamination can be recovered by damages," and "Kolcraft never pursued a preliminary injunction." (Dkt. #292, at 5.) Artsana fails to recognize that Kolcraft "may still be entitled to a permanent injunction, even though it does not [currently] practice" the '993 Patent. *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 652, 654 (E.D. Tex. 2009) (denying motion to stay pending reexamination, where the litigation had been pending for twenty months and defendants did not seek reexamination for sixteen months after the case was filed). Kolcraft is a leading manufacturer of baby products with the full capacity to re-enter the play yard/play gym field. Moreover, under Artsana's theory, a party could ***perpetually*** delay any case where the parties are not direct competitors – here, 9 years so far.

Without question, waiting until the eve of trial to file another Reexamination (and seeking another stay) is simply a tactic to delay the trial, not something Artsana actually believes is going to succeed. Artsana previously recognized that "stays may be rejected if it is clear that the motion is simply a dilatory tactic. . . ." (Dkt. #50, at 6.) By Artsana's own assertion, the motion to stay should be denied.

## IV. THE AUTHORITY CITED BY ARTSANA IS INAPPOSITE TO THIS CASE AND UNDERSCORES WHY A STAY WOULD BE HIGHLY PREJUDICIAL TO KOLCRAFT

Artsana cites 18 cases in its motion to stay – incredibly, not a single one supports its position. Indeed, as discussed below, Artsana's own authority reinforces why a stay would be unduly prejudicial to Kolcraft and put Kolcraft at a clear tactical disadvantage.

Specifically, Artsana cites several cases that are irrelevant as to whether a federal action should be stayed pending the outcome of a reexamination. In *Pfizer Inc. v. Apotex Inc.*, for example, the Illinois court stayed the litigation pending the resolution of a *jurisdictional* dispute in the Delaware district court involving the same patent infringement allegations. 640 F. Supp. 2d 1006, 1006-1007 (N.D. Ill. 2009). The *Pfizer* court noted that the Delaware action was filed before the Illinois action, and the "first to file" rule counseled in favor of a stay of the Illinois proceeding – "[t]here [was] no suggestion that a motion to stay ha[d] been filed in the Delaware proceeding, and therefore only [the Illinois] Court [was] in position to prevent duplicative litigation." *Id*. at 1008, n.1. *Pfizer*, therefore, has nothing to do with a stay of litigation in light of a pending patent reexamination proceeding. Similarly, the sole issue in *Ethicon, Inc. v. Quigg* was whether the Commissioner of Patents and Trademarks had authority to *stay a patent reexamination* pending the outcome of district court litigation. 849 F.2d 1422, 1423-1425 (Fed. Cir. 1988).

Additionally, Artsana's reliance on *Gould v. Control Laser Corp*. is misplaced because the Federal Circuit dismissed the appeal for lack of jurisdiction, holding that the district court's order staying proceedings was not a final appealable decision. 705 F.2d 1340, 1341 (Fed. Cir. 1983). The Federal Circuit in *Gould*, therefore, did not rule on the merits of the stay. Accordingly, Artsana's assertion that a "stay [was] granted five years after commencement of litigation and 20 days before [the] scheduled trial date" in *Gould* (Dkt. #292, at 7) is misleading.

Further, the issue before the Federal Circuit in *Fresenius USA, Inc. v. Baxter Int'l, Inc*. was "whether, under the reexamination statute, the cancellation of claims by the PTO is binding in pending district court infringement litigation," 721 F.3d 1330, 1336 (Fed. Cir. 2013) – *not* whether the district court erred in denying a stay pending the USPTO reexamination at various points in the district court infringement litigation. *Id*. at 1335 (noting that the district court, in denying a stay, concluded that "it [was] also possible that the PTO's [initial] determination [would] have no

ultimate bearing on the damages determination in this case, as the ***PTO's initial actions were non-final and non-binding***, and the PTO [was] free to reconsider its initial determinations") (emphasis added). In fact, the *Fresenius* court recognized that "the language and legislative history of the reexamination statute show that ***Congress expected reexamination to take place concurrent with litigation*** . . . ." *Id*. at 1339 (emphasis added). Artsana's own authority contradicts its position that a stay is warranted in this case.

In *Procter & Gamble Co. v. Kraft Foods Glob., Inc*., which Artsana cites in its motion to stay (Dkt. #292, at 1), the Federal Circuit ***vacated the stay*** and held that the district court "***abused its discretion by imposing a stay*** . . . ." 549 F.3d 842, 850 (Fed. Cir. 2008) (emphasis added). Notably, *Procter & Gamble* recognized that "a stay should ordinarily not be granted unless there is a substantial patentability issue raised in the inter partes reexamination proceeding." *Id*. at 849. In *RR Donnelley & Sons Co. v. Xerox Corp*., another case cited by Artsana (Dkt. #292, at 4), the court ***denied defendant's motion to stay*** pending an *inter partes* review because the parties had "engaged in significant discovery efforts" and served "infringement, non-infringement, invalidity and validity contentions." No. 12-CV-6198, 2013 WL 6645472, at *4 (N.D. Ill. Dec. 16, 2013). Importantly, in *RR Donnelley*, the court refused to stay the litigation, even though "fact discovery ha[d] not closed, no depositions ha[d] been taken and no trial date ha[d] been set," *id*. – whereas here, the parties have completed fact and expert discovery, and trial is only two months away. Once again, a stay is unwarranted in this case under Artsana's own case law. Likewise, the court in *Davol, Inc. v. Atrium Med. Corp*. ***denied defendant's motion to stay***, despite the fact that defendant filed its requests for *inter partes* review less than one month after plaintiff served its complaint and the litigation "[h]a[d] not yet moved beyond the pleadings stage – no scheduling conference ha[d] occurred or been set, no discovery ha[d] taken place, and no trial date ha[d] been scheduled." No. CIV.A. 12-958-GMS, 2013 WL 3013343, at *2, *6 (D. Del. June 17, 2013).

- 11 -

Artsana also relies on multiple cases granting a stay of proceedings that were in the *early stages* of litigation. *See Tap Pharm. Prod., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004) (finding that plaintiffs would not be unduly prejudiced by a stay, where the reexamination requests were "granted before the [lawsuit] was filed" and "the litigation [was] at such an early stage") ("Plaintiffs have known from the start of this case three months ago that the pending reexaminations could create grounds for a stay. As of yet, this case has not progressed beyond the initial pleadings stage; the parties have not engaged in any discovery and have not filed any other substantive motions."); *JAB Distributors, LLC v. London Luxury, LLC*, No. 09C5831, 2010 WL 1882010, at *1, *4 (N.D. Ill. May 11, 2010) (granting stay pending reexamination filed 4 months after complaint filed) ("[T]he parties have not answered interrogatories, taken depositions, filed substantive motions, briefed claim-construction issues, or requested a trial date. Accordingly, 'the litigation is in its infancy . . . .'"); *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *1-*2 (N.D. Ill. May 29, 2014) (staying action pending *inter partes* review filed less than two months after litigation commenced – "[plaintiff] will not suffer undue prejudice or tactical disadvantage from a stay, because [defendant] promptly filed for IPR and this litigation is consequently at an early stage") ("[A]part from filing the Complaint . . . and briefing this motion, one other consequential act has occurred in this action, or [defendant] filing its Answer. This litigation, consequently, is far from trial. Discovery has not commenced and no deadlines for discovery have been set."); *Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013) (granting stay due to *inter partes* review filed "well within one year" after complaint served on defendants) ("[T]he case has made very limited progress since it was filed in April. Thus, litigation expenses to date have been limited."); *Arrivalstar S.S. v. Canadian Nat. Ry. Co.*, No. 08 C 1086, 2008 WL 2940807, at *1-*2 (N.D. Ill. July 25, 2008) (staying matter pending reexamination where

"litigation [was] in its infancy" – "[s]hortly after the initial status hearing in this case, [defendant] filed a motion to stay the proceedings in this Court pending reexamination by the PTO of the three patents at issue in this lawsuit"); *Prestone Prod. Corp. v. S./Win, Ltd.*, No. 13 C 1853, 2014 WL 12775693, at *1, *4 (N.D. Ill. Sept. 26, 2014) (granting in part motion to stay pending reexamination filed 6 months after lawsuit filed, and relying, in part, on the fact that the "action [was] still in its early stages"); *Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08-CV-135, 2009 WL 1108822, at *1-*3 (N.D. Ind. Apr. 24, 2009) (staying litigation for 90 days pending USPTO's decision on whether to grant request for reexamination, which request "advance[ed] at least six prior art references that previously went unexamined at the PTO, along with 8,000 pages of material") (finding case was in its "relative infancy" because "discovery [was] not complete," expert discovery had not begun, "no trial date ha[d] been set," and no *Markman* hearing had been conducted); *Sorensen ex rel. Sorensen Research & Dev. Tr. v. Black & Decker Corp.*, No. 06CV1572BTMCAB, 2007 WL 2696590, at *3-*4 (S.D. Cal. Sept. 10, 2007) (staying action pending request for reexamination filed about a year after complaint filed) ("The Court finds that this litigation has not proceeded so far that it would be unjust to stay the action" – the parties were permitted "to take an additional 10 depositions per side," "[n]o deadline for the completion of fact discovery ha[d] even been set," "the parties [were] just beginning to brief the preliminary issue of claim construction," and "no trial date [was] currently set for any aspect of th[e] case.").

Unlike the aforementioned authorities, this litigation has been pending for 9 years, and the case is set for trial in two months. This matter has been delayed long enough.

Finally, Artsana relies on a few cases for the purported proposition that "[c]ourts have granted stays at late stages of litigation." (Dkt. #292, at 7). Each of these authorities, however, is readily distinguishable from this matter. In *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, for example, the court granted a stay only **18 months** into the litigation, "ha[d] not considered any

trial schedule for th[e] case," and was assured by the defendant "that it [would] not contest the issues decided by the PTO . . . if the patent does survive the reexamination proceedings . . . ." No. 85 C 7565, 1987 WL 6314, at *1, *4 (N.D. Ill. Feb. 2, 1987). By contrast, Artsana attempted to invalidate the asserted claims of the '993 Patent through the filing of a reexamination in the USPTO ***nine years ago*** – including an appeal to the PTAB and request for rehearing – without success, and is now challenging the same claims in another reexamination proceeding based upon the same prior art that it has been aware of for four years. Clearly, Artsana's reliance on *Emhart* (Dkt. #292, at 6-7) is wholly misplaced.

Similarly, the procedural posture in *Grayling Indus., Inc. v. GPAC, Inc.* and *Bausch & Lomb Inc. v. Alcon Labs., Inc.* is decidedly different from this matter. Indeed, unlike here, *Grayling* had been pending for less than two years when the reexamination was filed, and "six depositions remain[ed] to be taken . . . ." No. CIV. 1:89-CV-451-ODE, 1991 WL 236196, at *1-*2 (N.D. Ga. Mar. 25, 1991). Further, in *Grayling*, "the prior art on which the petition [for reexamination was] based was uncovered during discovery," *id*. at *2, whereas it is undisputed that Artsana was aware of the prior art cited in its request for *ex parte* reexamination at least four years ago. Moreover, the litigation in *Bausch* had been pending for only one year when the reexamination was filed with the USPTO by a non-party to the case – the *first* reexamination requested in *Bausch* – and the parties had not completed expert discovery. 914 F. Supp. 951, 951-52 (W.D.N.Y. 1996).

Artsana's inability to cite a single case granting the relief it seeks here speaks volumes about the weakness of its position.

## V.     CONCLUSION

For the foregoing reasons, Kolcraft respectfully requests that this Court deny Artsana's purely dilatory motion to stay this nine-year old case, set for trial in just two months.

Respectfully submitted,

Dated:  May 22, 2018

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Kolcraft Enterprises, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2018 the foregoing

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY PENDING *EX PARTE* REEXAMINATION (DKT. #291)**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

James K. Borcia
Tressler LLP
Sears Tower - 22nd Floor
233 S. Wacker Drive
Chicago, Illinois 60606
jborcia@tresslerllp.com

Anthony S. Volpe
Ryan W. O'Donnell
Kristine L. Butler
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
avolpe@vklaw.com
rodonnell@vklaw.com
kbutler@vklaw.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/ Raymond P. Niro, Jr.*
*Attorney for Plaintiff,*
NIRO McANDREWS, LLC