IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHICCO USA, INC. d/b/a ARTSANA USA, INC., <br><br> Defendant. | Civil Action No. 1:09-cv-03339 <br><br> Judge Edmond E. Chang |

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON INFRINGEMENT AND VALIDITY**

Plaintiff Kolcraft Enterprises, Inc. ("Kolcraft") respectfully moves for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure on infringement and validity. The evidence presented by Defendant Chicco USA, Inc. d/b/a Artsana USA, Inc. ("Chicco") failed to rebut Kolcraft's showing of infringement that Chicco's accused Lullaby products ("Accused Products") practice claims 20 and 28-31 (the "Asserted Claims") of U.S. Patent No. 7,376,993 ("the '993 Patent"). Further, the evidence presented by Chicco failed to overcome the presumption of validity of the Asserted Claims. For the reasons set forth below, this Court should grant Judgment as a Matter of Law ("JMOL") in favor of Kolcraft on the issues of infringement and validity.

**I.    LEGAL STANDARD**

JMOL is appropriate if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. . . ." Fed. R. Civ. P. 50(a); *see also Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 149 (2000). The standard for granting judgment as a matter of law mirrors the standard for granting summary judgment. *Id*. at 150.

## II. CHICCO FAILED TO PRESENT SUBSTANTIAL EVIDENCE OF NON-INFRINGEMENT

Kolcraft's technical expert, Peter J. Myers, proved by a preponderance of the evidence that Chicco's Accused Products directly infringe the Asserted Claims of the '993 Patent. Chicco has presented no evidence to support a defense of non-infringement as to claims 28-31. Indeed, Chicco does not (and cannot) dispute that its Accused Products with the first style hub infringe claims 28-31 – Chicco's expert, Jerome Drobinski, confirmed that he did not render a non-infringement position on these claims.

With respect to claim 20, Chicco failed to rebut Kolcraft's evidence that Chicco's Accused Products include "connectors [that] are pivotably coupled to the mat." As Mr. Myers testified, Chicco's Accused Products with the first style connectors (a fabric pocket and a snap) and second style connectors (a black plastic ring and a fabric strap) pivot about stitching at the top of the mat. Accordingly, pursuant to the Court's construction of the claim term "pivotably coupled," no reasonable jury could find that Chicco's Accused Products do not include connectors that are "linked, connected, or fastened such that the connector[s] can rotate, turn, or move around a fixed point" (2018 Claim Const. Order at 12, Dkt. #285) – i.e., the line of stitching on the mat.

Chicco claims that its Accused Products do not meet this claim limitation because the stitching is not pivotably coupled to the mat. Adopting Chicco's rationale, however, not only ignores Mr. Myers' testimony, but would impermissibly exclude a preferred embodiment from the scope of claim 20; by conflating all *claimed* connectors with all *potential* connectors, Chicco improperly excludes Figure 5 of the '993 Patent, as well as other embodiments, from the scope of claim 20. *See Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1326 (Fed. Cir. 2013) ("[A] claim interpretation that excludes a preferred embodiment from the scope of the claim is **rarely, if ever, correct**.") (emphasis added); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576,

1583 (Fed. Cir. 1996) (a claim interpretation that fails to read on a preferred embodiment disclosed in the specification would "require ***highly persuasive evidentiary support***") (emphasis added).

Chicco also failed to rebut Kolcraft's showing that the legs of the Accused Products with the second style hub are pivotably coupled to the hub.[1] Kolcraft's evidence at trial clearly established that the legs pivot about the connection between the tethers and the hub upon removing the legs from the hub openings. No reasonable factfinder could find that Chicco's Accused Products with the second style hub do not infringe claim 20 of the '993 Patent. For these same reasons, Chicco failed to rebut Kolcraft's showing that Chicco's Accused Products with the second style hub infringe claims 28-30 of the '993 Patent.

Further, Kolcraft established unrebutted evidence that Chicco aided, instructed, and encouraged end users to use the Accused Products in an infringing manner – in addition to using the products itself in the same infringing manner by demonstrating the functionality of the Accused Products to retailers. As a matter of law, Chicco indirectly infringed claims 20 and 28-31 of the '993 Patent.

## III. CHICCO FAILED TO OVERCOME THE PRESUMPTION OF VALIDITY OF THE ASSERTED CLAIMS OF THE '993 PATENT

By statute, each claim of an issued patent is presumed to be valid. 35 U.S.C. § 282. The "presumption is based in part on the expertise of the patent examiners presumed to have performed their job." *Brooktree Corp. v. Advanced Micro Devices*, 977 F.2d 1555, 1574 (Fed. Cir. 1992). To overcome this presumption, a challenger, like Chicco, must prove invalidity by clear and convincing evidence. *Pozen, Inc. v. Par. Pharm, Inc.*, 696 F.3d 1151, 1159-60 (Fed. Cir. 2012). Here, Chicco failed to meet its burden on all grounds of invalidity.

---

[1] Notably, Chicco presented no evidence to rebut Kolcraft's evidence that the legs of Chicco's Accused Products with the first style hub are pivotably coupled to the hub.

Indeed, the ***same*** prior art Chicco relied upon in support of its obviousness defense as to claim 20 of the '993 Patent[2] has been extensively considered and rejected by the Patent and Trademark Office through Chicco's filing of an *Inter Partes* Reexamination, an appeal to the Patent Trial and Appeal Board, and a Request for Rehearing. Chicco has not (and cannot) prove that each and every limitation of claim 20 *would* have been obvious to one of skill in the art at the time of the '993 patented invention. *See Honeywell Int'l. Inc. v. United States*, 609 F.3d 1292, 1300-01 (Fed. Cir. 2010) ("Given the failure to prove that the cited references disclose [claim] element (a)(3), the Government has failed to carry its burden of proving by clear and convincing evidence that the claimed invention would have been obvious to one of skill in the art."). Chicco has not met its burden of proving by clear and convincing evidence that claim 20 of the '993 Patent is invalid as obvious. Kolcraft is entitled to judgment as a matter of law on the issue of obviousness.

Further, Chicco has presented no testimony or evidence that the '993 Patent is invalid for failure to identify Lerado as an inventor. The inventors named in the '993 Patent "are presumed to be correct." *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997). "The burden of showing misjoinder or nonjoinder of inventors is a ***heavy one*** and must be proved by ***clear and convincing evidence***." *Id*. (emphasis added). Kolcraft submitted substantial evidence that Mr. Myers designed and conceived of the hub structure cited in the Asserted Claims of the '993 Patent, not Lerado. Indeed, Mr. Myers testified that Kolcraft hired Lerado for the sole purpose of commercializing Kolcraft's products covered by the '993 Patent – and at all times, Lerado operated under Kolcraft's direction, instruction, and pursuant to Kolcraft's detailed product

---

[2] Chicco presented no evidence that claims 28-31 of the '993 Patent are invalid as obvious. Thus, as a matter of law, claims 28-31 are not invalid under 35 U.S.C. § 103.

specifications. It is well-settled that simply following another's instructions is insufficient to support a claim of co-inventorship. *See, e.g.*, *Stern v. Trustees of Columbia Univ. in City of New York*, 434 F.3d 1375, 1378 (Fed. Cir. 2006) (holding that a student who "simply carried out an experiment" suggested by a professor did not contribute to the conception of the invention); *Mattor v. Coolegem*, 530 F.2d 1391, 1395 (C.C.P.A. 1976) (one following instructions "is viewed as merely a technician," not "a joint inventor"):

> [W]e agree with the board that Loew was not a joint inventor. The evidence shows that Mattor conceived the invention before Loew began working for him and that in synthesizing the formulations and testing them with Price, ***Loew was following Mattor's oral instructions***. ***We can find no contribution by Loew to the making of the invention; rather she is viewed as <u>merely a technician</u> for carrying out Mattor's instructions***.

*Id*. (emphasis added). *See also Hess*, 106 F.3d at 981 ("An inventor 'may use the services, ideas, and aid of others in the process of perfecting his invention without losing his right to a patent.'").

Chicco presented no evidence, let alone clear and convincing evidence, to rebut Kolcraft's unrebutted testimony from Mr. Myers. The grant of JMOL on the issues of validity is warranted.

## IV. CONCLUSION

For the reasons stated above, this Court should grant JMOL in favor of Kolcraft on the issues of validity and infringement.

Respectfully submitted,

Dated: August 30, 2018      */s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Kolcraft Enterprises, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 30, 2018 the foregoing

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON INFRINGEMENT AND VALIDITY**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification to all counsel of record.

*/s/ Raymond P. Niro, Jr.*
*Attorney for Plaintiff,*
NIRO McANDREWS, LLC